```
                    ___ FILED   ___ ENTERED
                    ___ LODGED  ___ RECEIVED

                         FEB - 3 2006   DJ

                              AT SEATTLE
                      CLERK U.S. DISTRICT COURT
                      WESTERN DISTRICT OF WASHINGTON
                    BY                       DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LISA HANIGAN,

        Plaintiff,

vs.

CITY OF KENT; JOHN CAGLE and his marital community,

        Defendants.

NO. CV6 0176/3

COMPLAINT



06-CV-00176-CMP

Plaintiff alleges as follows:

While enforcing a domestic violence court order to protect the plaintiff Lisa Hanigan from her former boyfriend Donald Peters, defendant Kent Police Officer John Cagle issued a citation to Mr. Peters for violating the Court Order. In the citation Officer Cagle disclosed Ms. Hanigan's confidential address in violation of the Court Order thereby violating Ms. Hanigan's privacy and constitutional rights and subjecting Ms. Hanigan and her husband and minor children to emotional distress and the reasonable fear and risk of future domestic violence from Mr. Peters. Defendants have failed to remedy the danger they created.

COMPLAINT - 1
USDC WD WA/SEA

                                                MACDONALD HOAGUE & BAYLESS
                                                  1500 HOGE BUILDING
                                                  705 SECOND AVENUE
                                                SEATTLE, WASHINGTON 98104-1745
                                                     (206) 622-1604
                                                    FAX: (206) 343-3961

## 1. PARTIES

1.1   Plaintiff Lisa Hanigan is a resident of King County, Washington.

1.2   Defendant John Cagle is a Kent police officer and, on information and belief, a resident of the Western District of Washington.

1.3   Defendant City of Kent is a municipal corporation organized under the laws of the State of Washington, which is located in the Western District of Washington.

## 2. JURISDICTION AND VENUE

2.1   This court has original jurisdiction over claims brought under 42 U.S.C.S. §1983 and 28 U.S.C. § 1331.

2.2   Venue is properly located in Western Washington under 28 U.S.C.S. §1391(b). The incidents complained of in this Complaint occurred in King County, Washington. Some or all of the defendants are residents of King County, Washington.

## 3. FACTUAL ALLEGATIONS

3.1   Lisa Hanigan is the victim of domestic violence by her ex-boyfriend, Mr. Peters. Subsequently, Mr. Peters was imprisoned for first degree armed robbery.

3.2   Following her relationship with Mr. Peters, Ms. Hanigan married another man and they reside together with their three children.

3.3   Starting in July of 2003, Mrs. Hanigan obtained a series of court orders to protect herself and her family from Mr. Peters and to keep her family's address strictly confidential in anticipation of Mr. Peters's release from prison. The initial Court Orders protecting Ms. Hanigan and her family from Mr. Peters, and sealing her address as private and confidential, are dated July

COMPLAINT - 2
USDC WD WA/SEA

MacDonald Hoague & Bayless
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

25, 2003 ("Temporary Order for Protection) and August 22, 2003 ("Order for Protection – DV"). Mr. Peters was also ordered not to contact Ms. Hanigan on August 5, 2003 ("No Contact Order - D.V.").

3.4     As part of a pattern of violations, on August 19, 2003, Mr. Peters telephoned Ms. Hanigan from a prison phone in violation of the "No Contact Order and Temporary Order of Protection."

3.5     Ms. Hanigan called the Kent Police Department and reported Mr. Peters's violation.

3.6     On August 22, 2003, Ms. Hanigan secured the permanent domestic violence protection order in which her address was made private and sealed.

3.7     Kent Police Officer John Cagle was dispatched to Ms. Hanigan's home to investigate the incident on the evening of August 22, 2003. Officer Cagle spoke with Ms. Hanigan and her husband at their home.

3.8     At the time, Officer Cagle had knowledge of the August 22, 2003 protection order and the provision in that order that Ms. Hanigan's home address was to be sealed and to be kept private from Mr. Peters to protect Ms. Hanigan and her three young children.

3.9     Officer Cagle then issued and filed a citation against Mr. Peters for violating a Court order not to contact Ms. Hanigan.

3.10    Unbeknownst to Mrs. Hanigan, Officer Cagle listed Ms. Hanigan's home address on the citation he issued against Mr. Peters. Officer Cagle knew or should have known that the citation was a matter of public record, that it would be provided to Mr. Peters, and that by

COMPLAINT - 3
USDC WD WA/SEA

MACDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

including Ms. Hanigan's home address, he was directly disclosing that address to Mr. Peters.

3.11  In early 2004, Ms. Hanigan enrolled in the Victim/Witness Program of the Washington Department of Corrections so she would be informed of future relocations of Mr. Peters.

3.12  In late summer of 2004, Mr. Peters was released from prison.

3.13  Thereafter, Ms. Hanigan received a phone call from a friend stating that Mr. Peters came to her house brandishing Officer Cagle's August 2003 citation asking her to verify that it was Ms. Hanigan's current address.

3.14  In 2005, Mr. Peters or someone with whom Mr. Peters is living called Ms. Hanigan at her home. Ms. Hanigan reported the incident to the Kent Police Department. The police department told Ms. Hanigan there was nothing it could do despite the fact that Mr. Peters admitted that he was living at the location from where the telephone call was made to Ms. Hanigan.

3.15  Ms. Hanigan sought out the protection of the Kent Police Department to enforce the Court Order designed to protect her. Instead, Officer Cagle disclosed her confidential address to her abuser in violation of the court order and created heightened danger and damage to her.

3.16  As a result of Officer Cagle's actions, Ms. Hanigan lives in fear for her own safety as well as the safety of her three children and husband. In addition to the emotional damage already borne by her, defendants' failure to rectify its violation of the Court Order has proximately caused additional emotional distress and reasonable fear of further harm.

COMPLAINT - 4
USDC WD WA/SEA

3.17    Despite actual knowledge of its violation of Ms. Hanigan's rights, the City of Kent has failed to take adequate steps to remedy the violation and ongoing damage to Ms. Hanigan.

3.18    The violation of Ms. Hanigan's rights was the proximate and foreseeable result of the policies, customs, and usages of the City of Kent and its police department or was ratified by the City of Kent and its police department.

3.19    The actions by defendants described above were taken in violation of the plaintiffs' clearly established rights.

3.20    As a direct and proximate result of the acts and omissions of defendants, plaintiff suffered and will suffer damages in amounts to be proved at trial.

## 4. COLOR OF STATE LAW AND AGENCY

4.1    The actions and omissions of the defendants set out in paragraphs 3.1-3.17 above were all engaged in under color of the laws of the State of Washington. Likewise, the actions and omissions of the defendants set out in paragraphs 3.1-3.17 above were all the result of the policies, customs, and usages of the City of Kent or were ratified by the City of Kent.

4.2    At all relevant times, defendant Officer Cagle was acting within the scope of his employment by the City of Kent.

## 5. CLAIM ALLEGATIONS

5.1    By virtue of the facts set forth above, the defendants are liable for compensatory and punitive damages for deprivation of plaintiffs' civil and privacy rights guaranteed by the Fourth and Fourteenth Amendment of the Constitution of the United States and 42 U.S.C. §1983.

COMPLAINT - 5
USDC WD WA/SEA

MACDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

5.2	By virtue of the facts set forth above, the defendants are liable for compensatory damages for negligent failure to enforce the Court's Order and RCW §10.99 *et seq.* and for negligence in undertaking to protect plaintiff but putting her in increased danger.

5.3	By virtue of the facts set forth above, the defendants are liable for compensatory damages for violating the Criminal History Privacy Act, RCW 10.97 *et seq.*

5.4	By virtue of the facts set forth above, the defendants are liable for compensatory damages for violating Washington's common law right to privacy.

## 6. REQUEST FOR RELIEF

WHEREFORE, plaintiff requests judgment against defendants as follows:

6.1	Declaratory and injunctive relief;

6.2	Compensatory damages on all of her claims in an amount to be proved at trial, including liquidated damages to the extent available under law;

6.3	Punitive damages from defendant Officer Cagle;

6.4	Costs of suit, disbursements and reasonable attorneys' fees pursuant to 42 U.S.C. §1988, RCW §10.97 *et seq.*, and RCW §10.99 *et seq.*;

6.5	Amend the pleadings to conform to the proof at trial; and

6.6	Such other and further relief as the court deems just and proper.

MacDONALD HOAGUE & BAYLESS

Dated: February 3rd, 2006

By _____
Jesse Wing, WSBA #27751
Andrea Brenneke, #22027
Attorneys for Plaintiffs

COMPLAINT - 6
USDC WD WA/SEA

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961