UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LISA HANIGAN,

           Plaintiff,

   v.

CITY OF KENT, et al.,

           Defendants.

CASE NO. C06-176JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiff's motion to compel discovery (Dkt. # 14). No party has requested oral argument, and the court finds the motion appropriate for disposition on the basis of the parties' briefing and accompanying declarations. For the reasons stated below, the court GRANTS the motion in part, and DENIES it in part.

## II. BACKGROUND

Plaintiff Lisa Hanigan alleges that Defendant John Cagle, a police officer for the City of Kent (the "City"), unlawfully disclosed her home address to her ex-husband, against whom she had an order of protection. Ms. Hanigan claims that Mr. Cagle violated the United States Constitution, as well as Washington law, by disclosing her

ORDER – 1

address. She has sued Officer Cagle and the City for alleged violations of 42 U.S.C. § 1983 and two Washington statutes.

Although discovery in this action began with initial disclosures on March 14, 2006, Officer Cagle has yet to provide any discovery in this action. He claims that he is entitled to qualified immunity, and that the immunity shields him from discovery. In her motion to compel, Ms. Hanigan challenges both Officer Cagle's refusal to provide responses to her interrogatories and requests for production and the City's refusal to answer discovery requests that would require it to obtain information from Officer Cagle.

## III. ANALYSIS

The court's analysis focuses solely on Ms. Hanigan's § 1983 claims and Officer Cagle's qualified immunity defense to those claims. Ms. Hanigan makes no argument pertaining to her state law claims, nor do Defendants.

Section 1983 provides a remedy to citizens deprived of the protections of the United States Constitution or other laws by individuals acting "under color of law." S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 887 (9th Cir. 2003). Qualified immunity is a defense to liability under § 1983 that applies, in general, when the accused official reasonably believed his conduct to be lawful. See generally, Harlow v. Fitzgerald, 457 U.S. 800, 813-19 (1982).

As Officer Cagle is quick to point out, qualified immunity is not merely a shield from damages, it provides "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (citing Harlow). The Court in Mitchell noted that unless a "plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Id. Similarly, in Harlow, the Court stated that trial

ORDER – 2

courts should not permit discovery against a defendant claiming qualified immunity until the resolution of the "threshold [qualified] immunity question." 457 U.S. at 815.

From the language of Mitchell and Harlow, Officer Cagle derives a novel legal principle: he contends that Ms. Hanigan is "not entitled to discovery unless [she] can overcome the defense of qualified immunity," and, more importantly, that he "is entitled to qualified immunity until the Court decides otherwise." Defs.' Opp'n at 3. Officer Cagle is mistaken.

Returning to the text of Mitchell, an "entitle[ment] to dismissal before the commencement of discovery" arises only if "plaintiff's allegations [do not] state a claim of violation of clearly established law . . . ." 472 U.S. at 526. Although the Mitchell Court had no occasion to address the issue, subsequent case law leaves no doubt that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is the appropriate means of determining in advance of discovery whether a plaintiff has stated a claim under § 1983 sufficient to overcome a qualified immunity defense. In Butler v. San Diego Dist. Attorney's Office, 370 F.3d 956, 963-64 (9th Cir. 2004), the court explained that "in the usual case where a defendant asserts an official immunity defense, the district court first decides whether the facts alleged in the complaint, assumed to be true, yield the conclusion that the defendant is entitled to immunity." As the Butler court noted, "[t]his is the analysis under Rule 12(b)(6) on a motion to dismiss." Id. at 964; see also Wong v. INS, 373 F.3d 952, 957 (9th Cir. 2004) (noting that officials may "raise the qualified immunity defense immediately, on a motion to dismiss the complaint, to protect against the burdens of discovery"). If the trial court denies the motion to dismiss, the defendant may take an immediate interlocutory appeal. Behrens v. Pelletier, 516 U.S. 299, 307 (1996). If not, the trial court must permit plaintiff to take "enough discovery to permit the court to rule on a defendant's subsequent summary judgment motion." Butler, 370 F.3d at 964.

ORDER – 3

These cases demonstrate that the assertion of qualified immunity is not an absolute bar to discovery. Instead, it is a limitation on "burdens of *broad-reaching* discovery," Harlow, 457 U.S. at 818 (emphasis added), and a limitation that requires the defendant's active participation in asserting the defense. See Tubar v. Clift, No. C05-1154JCC, 2006 U.S. Dist. LEXIS 18500, at *6 (W.D. Wash. Mar. 2, 2006) (making same observation).

Officer Cagle has drifted off the course that courts have charted for defendants who assert qualified immunity and seek to avoid discovery. He has not filed a motion to dismiss. There is no indication that he intends to file a motion to dismiss, although he could have done so at any time since Plaintiff sued in February. See, e.g., Anderson v. Creighton, 483 U.S. 635, 646 (1987) ("[W]e have emphasized that qualified immunity questions should be resolved at the *earliest possible stage* of a litigation.") (emphasis added). He asserts that he will move for summary judgment on qualified immunity "within three weeks," Defs.' Opp'n at 1, but he does not acknowledge Ms. Hanigan's right to discovery in advance of such a motion. Moreover, he has delayed this action by invoking the words "qualified immunity" without making any effort to establish that the defense applies to him. Such conduct is consistent with an improper desire to delay this action, rather than with a genuine desire to resolve the issue of qualified immunity.

If Officer Cagle wishes to file a motion to dismiss on qualified immunity grounds, he must do so no later than August 18, 2006. If he does so, the parties shall not conduct further discovery in this matter until that motion is resolved.[1] If Officer Cagle

---

[1] Officer Cagle should not construe this court's deadline for filing a motion to dismiss as an invitation to file such a motion. The court expects counsel to use professional judgment in deciding whether Officer Cagle can prevail on such a motion in light of the liberal standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Wong v. INS, 373 F.3d 952, 957 (9th Cir. 2004) ("[W]hile government officials have the right . . . to raise and immediately appeal the qualified immunity defense on a motion to dismiss, the exercise of that authority is not a wise choice in every case.").

ORDER – 4

does not file a motion to dismiss, the parties shall meet and confer no later than August 18, 2006 to discuss a briefing schedule for Officer Cagle's summary judgment motion on qualified immunity. The briefing schedule shall permit sufficient time for Ms. Hanigan to receive responses to her discovery, although the parties shall cooperate in good faith to limit her outstanding discovery so that it is no more intrusive than necessary to permit her the opportunity to counter Officer Cagle's assertion of qualified immunity.[2] If the parties are unable to agree upon a briefing schedule, they may contact the court to request a teleconference.

As to Ms. Hanigan's discovery propounded on the City, the parties concur that the City is not entitled to qualified immunity. Defendants assert, however, that several of Ms. Hanigan's discovery requests to the City are, in reality, discovery requests propounded on Officer Cagle. The court agrees. For example, Ms. Hanigan's first interrogatory asks that the City "describe in detail your entire conversation with Lisa Hanigan and her husband at their home on August 22, 2003 . . . ." As Ms. Hanigan is aware, the only person affiliated with the City who was present during this conversation was Officer Cagle. The court need not decide if this request has marginal relevance to Ms. Hanigan's claims against the City. It finds that the request's potential for subverting the protections of qualified immunity greatly outweighs any relevance. The court therefore holds that, pending the initial resolution of Officer Cagle's qualified immunity defense described above, the City need only respond to such discovery requests to the extent that Officer Cagle would be obligated to respond if the requests were propounded to him.

---

[2] The court notes that this discovery is potentially rather broad, as resolving the qualified immunity question requires an inquiry into the facts giving rise to a plaintiff's allegations. See Saucier v. Katz, 533 U.S. 194, 199-201 (2001) (describing two-tiered inquiry necessary to resolve summary judgment motion on qualified immunity).

ORDER – 5

Finally, the court turns to Ms. Hanigan's request for attorneys' fees. Although the court has broad discretion under Fed. R. Civ. P. 37(a)(4) to award fees and expenses in connection with discovery motions, the court finds that no award is appropriate here. The court notes that both law firms involved in this action are frequently in precisely the positions they find themselves here – representing clients who assert and oppose qualified immunity defenses. It is therefore disappointing, to say the least, that counsel continue to be unable to handle what should be, to them, the routine matter of coordinating discovery pending an initial resolution of a qualified immunity defense. If there were evidence that Plaintiff's counsel had notified Officer Cagle of his obligation to bring a motion to dismiss to avoid discovery, the court would consider sanctions against Officer Cagle. Absent such evidence, the court declines to decide, at this time, whether Plaintiff's counsel have conducted themselves more admirably than Defendants' counsel. Both counsel should strive to resolve such issues without involving the court.

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Plaintiff's motion to compel the District's discovery motions asserting qualified immunity as a discovery bar (Dkt. # 14).[3]

Dated this 11th day of August, 2006.

JAMES L. ROBART
United States District Judge

---

[3]Defendants filed two surreplies to the instant motion, both of which ignored this court's Local Rules. See Local Rules W.D. Wash. 7(g)(1) (requiring notice to the court before filing a surreply). The court has not considered either surreply in deciding these motions. Further violations of the Local Rules will result in sanctions.

ORDER – 6