UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA HANIGAN,<br><br>            Plaintiff,<br><br>  v.<br><br>CITY OF KENT, et al.,<br><br>            Defendants. | CASE NO. C06-176JLR<br><br>ORDER |

      The court has reviewed Defendants' motion for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure (Dkt. # 55). Defendants argue that the court incorrectly applied Rule 7(f) of the Local Rules, which requires parties to file motions for over-length briefs at least three judicial days before the underlying motion is due. Local Rules W.D. Wash. 7(f). In this case, Defendants filed their motion for over-length brief on the day the underlying brief was due. The court therefore struck the pages of the brief that exceeded the twelve-page limitation.

      Defendants now move for reconsideration because "a party cannot logically be aware of whether a reply brief will be over-length on the very next day after receiving the

ORDER – 1

opposition [brief]." Defs.' Mot. at 3. Rule 7(f)(4) provides, however, that in all cases, the reply brief "shall not exceed one-half the total length of the brief filed in opposition." Plaintiff did not move for leave to file an over-length brief. Her opposition brief was therefore limited to twenty-four pages, as per Rule 7(e)(3). Accordingly, under no circumstances would Defendants have been permitted to file a brief that exceeded twelve pages, or one-half the length of the Plaintiff's opposition brief.

Rule 60(b) of the Federal Rules of Civil Procedure permits a party to move the court to grant relief from a prior judgment or order for a number of reasons, including: fraud; newly discovered evidence; voided, released, discharged or satisfied judgments; or "any other reason justifying relief from the operation of the judgment [or order]." Fed. R. Civ. P. 60(b)(1)-(6). Because Defendants failed to identify the basis for their motion for reconsideration under Rule 60(b), the court evaluates the request under the catchall provision of Rule 60(b)(6). Courts apply subsection (b)(6) "sparingly and as an equitable remedy to prevent manifest injustice." Hamilton v. Newland, 374 F.3d 822, 825 (9th Cir. 2004) (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993)). Such motions must be supported by extraordinary circumstances. Hamilton, 374 F.3d at 825 (citations and quotation marks omitted). Having reviewed Defendants' brief, the court finds no circumstance, let alone extraordinary circumstances, that merit this court's review of its prior order (Dkt. # 54). The motion for reconsideration is DENIED (Dkt. # 55).

Dated this 22nd of December, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 2